UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| VANDEWATER INTERNATIONAL INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> and ) <br> ) <br> SIGMA CORPORATION, ) <br> SMITH-COOPER INTERNATIONAL, INC., ) <br> ) <br> *Plaintiff-Intervenors*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> *Defendant*, ) <br> ) <br> and ) <br> ) <br> ISLAND INDUSTRIES, ) <br> ) <br> *Defendant-Intervenor*. ) | Court No. 18-00199 |

**SIGMA'S OPPOSITION TO DEFENDANT'S PARTIAL CONSENT MOTION FOR AN EXTENSION OF TIME TO FILE REMAND COMMENTS BRIEFS**

Plaintiff-Intervenor SIGMA Corporation ("SIGMA") submits this opposition to Defendant United States' Partial Consent Motion for an Extension of Time to File Remand Comments Briefs (ECF 141). In accordance with Rule 7(d) of this Court, SIGMA is filing this motion "within 21 days after service" of Defendant's motion.

This Court issued the Scheduling Order for remand comments on August 5, 2021. *See* ECF 130. At that time, it established the deadline for Plaintiff's and Plaintiff-Intervenor's remand comments as September 24, 2021, and the deadline for the Government's remand comments as November 19, 2021. SIGMA, Plaintiff Vandewater International Inc. ("Vandewater"), and

Plaintiff-Intervenor Smith Cooper International, Inc. ("SCI") all timely filed their comments. *See* ECF 132. On November 5, 2021, the Government filed a consent motion requesting an additional 28-day extension of time, through and including December 17, 2021, for its comments. *See* ECF 139. SIGMA consented to that motion. *See id.* The Government now seeks an additional 25-day extension for its remand comments. If this request is granted, the Government's remand comments would be due 53 days – *i.e.*, almost two months – after the original deadline.

In a typical case, SIGMA (and its counsel) would have no difficulties with a request made by the Government for an extension of time to file a brief (even here, where the Government seeks a second extension of time). SIGMA is unable to consent to the Government's current request because a further delay in the briefing will result in a further delay in the resolution of this case, resulting in prejudice to SIGMA. SIGMA is currently involved in parallel litigation before the Central District of California, *United States ex. rel. Island Industries Inc. v. Vandewater International Inc. et al.*, 2:17-cv-04393. In that case, Island Industries Inc. (Defendant-Intervenor in this case) sued SIGMA and other importers, alleging that these companies violated the False Claims Act by not paying antidumping duties on their imports of welded outlets. (One of these other defendants, SCI, has settled with Island in that case; the case against another defendant, Vandewater, is stayed due to Vandewater's bankruptcy). Although a jury has entered a verdict against SIGMA, SIGMA has filed a post-trial motion seeking a new trial because (among other reasons), the jury's verdict was against the weight of the evidence. If SIGMA does not prevail on its post-trial motion and final judgment is entered against it, SIGMA intends to avail itself of its appeal rights. Thus, the prompt resolution of this case may aid SIGMA, either in a new trial or on appeal to the Ninth Circuit. The Government's requested extension will only delay resolution of this case, resulting in prejudice to SIGMA.

SIGMA consented to the Government's first request for extension of time.  SIGMA did so because the Government represented that "lead counsel for the Government has experienced unexpected and significant non-work responsibilities in recent weeks due to a close family member being hospitalized for an extended period with COVID-19 and counsel's young child experiencing a 14-day quarantine as a result of a positive COVID case in her daycare class, which led to a significant disruption in counsel's professional responsibilities during that period . . . ."  ECF 139 at 2.  The Government's current motion does not involve similar issues.  Instead, the Government only cites to its counsel's responsibilities, including his responsibilities in two matters pending in the Court of Federal Claims.  In its motion, the Government does not identify any steps it has taken (if any) to adjust the workload of its attorney so that this action may be resolved in a timely manner.  Furthermore, the Government never explains why matters pending in the Court of Federal Claims should take precedence over matters pending before this Court.

For these reasons, the Court should deny the Government's second motion for an extension to time to file its remand comments.

Respectfully submitted,

**WHITE & CASE** LLP

By:   /s/ Lucius B. Lau
     Walter Spak
     wspak@whitecase.com
     Lucius B. Lau
     alau@whitecase.com
     Ron Kendler
     ron.kendler@whitecase.com
     701 Thirteenth Street, N.W.
     Washington, DC 20005
     tel.: (202) 626-3600
     fax: (202) 639-9355

Dated:  December 8, 2021                                        *Counsel for SIGMA Corporation*