**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LEO M. GORDON, SENIOR JUDGE**

| | |
|---|---|
| VANDERWATER INTERNATIONAL, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> and ) <br> ) <br> SIGMA CORPORATION and SMITH-COOPER ) <br> INTERNATIONAL, INC. ) <br> ) <br> ) <br> Plaintiff-Intervenors, ) <br> v. ) <br> ) <br> UNITED STATES ) <br> ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> ISLAND INDUSTRIES, ) <br> ) <br> Defendant-Intervenor. ) <br> ) | Court No. 18-00199 |

**DEFENDANT-INTERVENOR'S RESPONSE TO
COMMENTS ON THE REMAND RESULTS**

Matthew J. McConkey

**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
(202) 263-3235

*Counsel for Island Industries*

Dated: January 21, 2021

**TABLE OF CONTENTS**

                                                                                               **Page**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| III. | STANDARD OF REVIEW | 2 |
| IV. | COMMERCE'S DETERMINATION THAT THE STEEL BRANCH OUTLETS FALL WITHIN THE SCOPE OF THE ORDER IS REASONABLE, SUPPORTED BY SUBSTANTIAL EVIDENCE ON THE RECORD AND IN ACCORDANCE WITH LAW | 3 |
| V. | CONCLUSION | 4 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Consolo v. Fed. Mar. Comm'n*,
   383 U.S. 607 (1966)...................................................................................................3

*King Supply Co. LLC v. United States*,
   674 F.3d 1343,1348 (Fed. Cir. 2012).........................................................................3

*Mid Continent Nail Corp. v. United States*,
   725 F.3d 1295 (Fed. Cir. 2013)...................................................................................3

*Nippon Steel Corp. v. United States*,
   458 F.3d 1345 (Fed. Cir. 2006)...................................................................................3

*United Steel and Fasteners Inc. v. United States*,
   947 F.3d 794 (Fed. Cir. 2020).....................................................................................3

*Universal Camera Corp. v. NLRB*,
   340 U.S. 474 (1951)....................................................................................................3

*Vandewater International, Inc. v. United States*,
   Court No. 18-00199, (Ct. Int'l Trade October 16, 2020)..............................1, 2, 3, 4

*Wirth v. United States*,
   5 F. Supp. 2d 968 (Ct. Int'l Trade 1998) ..............................................................1, 3

**Statutes, Rules and Regulations**

19 C.F.R. 351.225(k)(1)......................................................................................................1

19 C.F.R. 351.225(k)(2)..................................................................................................2, 3

**Administrative Decisions**

*Antidumping Duty Order and Amendment to the Final Determination of Sales at
   Less Than Fair Value; Certain Carbon Steel Butt-Weld Pipe Fittings from the
   People's Republic of China*, 57 Fed. Reg. 29,702 (July 6, 1992).....................1, 2, 4

**I.      INTRODUCTION**

Unquestionably, the U.S. Department of Commerce ("Commerce") has fully complied with this Court's order "to conduct a scope inquiry to evaluate the factors under (k)(2)." *See Vandewater International, Inc. v. United States*, Court No. 18-00199, Slip Op. 20-146 (Ct. Int'l Trade October 16, 2020) ("*Remand Order*").  Plaintiff and Plaintiff-Intervenors continue to raise alleged differences between their "steel branch outlets" and carbon steel butt-weld pipe fittings ("BWPF") that are legally and, even if true,[1] factually inconsequential, and do not change the fact that their steel branch outlets are "sufficiently similar" to the products unambiguously covered by the antidumping duty order on BWPF from the People's Republic of China.  *See Wirth v. United State.*, 5 F. Supp. 2d 968, 981 (Ct. Int'l Trade 1998).  Indeed, after carefully considering the extensive comments filed by Plaintiff and Plaintiff-Intervenors, and all the evidence on the record in light of the (k)(2) factors, Commerce's *Remand Redetermination* finding that the steel branch outlets imported by Vandewater International, Inc. ("Vandewater") fall within the scope of the BWPFs *Order* is reasonable, supported by substantial evidence on the record and in accordance with law.  *See Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value; Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China*, 57 Fed. Reg. 29,702 (July 6, 1992) ("*Order*").

**II.     BACKGROUND**

On September 10, 2018, Commerce found in a Final Scope Ruling that the steel branch outlets imported by plaintiff Vandewater fall within the scope of antidumping order on Chinese BWPF based on an analysis of the sources set forth in 19 C.F.R. 351.225(k)(1).  *See Order*.  However, on appeal, the U.S. Court of International Trade ("CIT") held that it was unreasonable

---

[1]      For example, Island submits that Plaintiff's assertion that the steel branch outlets at issue conform to the Manufacturers Standardization Society SP-97 standard is untrue.

1

for Commerce to find that the (k)(1) sources were dispositive to determine whether the steel branch outlets were covered by the BWPFs *Order*. *See Remand Order*. The CIT accordingly ordered Commerce to conduct an analysis under the additional factors set forth in 19 C.F.R. 351.225(k)(2). *Id.*

Pursuant to the *Remand Order*, Commerce initiated its scope inquiry and reopened the record on October 30, 2020. *See* Letter from Robert Galantucci, U.S. Dep't of Commerce, "*Initiation of Scope Inquiry*" (October 30, 2020). After exhaustively reviewing the comments and new factual information submitted by interested parties, including Vandewater, Island Industries ("Island"), Smith-Cooper International ("SCI"), and SIGMA Corporation ("SIGMA"), Commerce issued its Final Results of Redetermination Pursuant to Court Remand on July 23, 2021, continuing to find that the steel branch outlets are covered by the BWPFs *Order*. *See generally* Final Results of Redetermination Pursuant to Court Remand, ECF No. 112 ("*Remand Redetermination*"). On September 24, 2021, Vandewater, SCI and SIGMA filed their comments in opposition to the *Remand Redetermination*. *Comments of Vandewater International Inc. in Opposition to Commerce's Remand Redetermination Pursuant to Court Remand*, ECF No. 138; *Comments of Smith-Cooper International in Opposition to Commerce's Remand Redetermination Pursuant to Court Remand*, ECF No. 134; *Comments of SIGMA Corporation in Opposition to the Final Results of Redetermination Pursuant to Court Remand*, ECF No. 132. Defendant United States addressed in detail Vandewater, SCI and SIGMA's comments in its response dated January 11, 2022 – a response fully supported by Island. *Defendant's Response to Comments on the Remand Results*, ECF No. 144.

**III.   STANDARD OF REVIEW**

In its own *Remand Order*, this Court acknowledged that it must sustain Commerce's "determinations, findings, or conclusions" unless they are "unsupported by substantial evidence

2

on the record, or otherwise not in accordance with law." *Remand Order* at 2-3.  This Court also acknowledged that substantial evidence is "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n,*, 383 U.S. 607, 620, (1966).  In sum, the court "assesses whether the agency action is reasonable given the record as a whole." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).

When reviewing Commerce's determinations on antidumping order scope ruling matters, the Court grants "significant deference to Commerce's interpretation of a scope order" and accordingly, "parties challenging Commerce's scope determinations under substantial evidence review confront a high barrier to reversal." *Mid Continent Nail Corp. v. United States*, 725 F.3d 1295, 1300 (Fed. Cir. 2013); *United Steel and Fasteners Inc. v. United States*, 947 F.3d 794, 798 (Fed. Cir. 2020)(citing *King Supply Co. LLC v. United States*, 674 F.3d 1343,1348 (Fed. Cir. 2012)).  In particular, for purposes of a k(2) analysis, for a product to be covered by the scope of an order, all the law requires is for the product to be "sufficiently similar" to the products unambiguously covered by the Order.  *Wirth* at 981.

**IV.   COMMERCE'S DETERMINATION THAT THE STEEL BRANCH OUTLETS FALL WITHIN THE SCOPE OF THE ORDER IS REASONABLE, SUPPORTED BY SUBSTANTIAL EVIDENCE ON THE RECORD AND IN ACCORDANCE WITH LAW**

As instructed in the *Remand Order*, in its *Remand Redetermination*, Commerce undertook a comprehensive analysis of each of the five factors set forth in 19 CFR 351.225(k)(2) (*i.e.*, (1) the physical characteristics of the product, (2) the expectations of the ultimate purchasers, (3) the ultimate use of the product, (4) the manner in which the product is advertised and displayed, and (5) the channels of trade in which the product is sold).  Commerce considered

3

and discussed with great level of detail the comments and supporting information submitted by *all* interested parties in their initial and rebuttal comments. *See Remand Redetermination* at 10-65. Taking into account the information provided by the interested parties, in its *Remand Redetermination* Commerce explained why steel branch outlets are similar to unambiguously covered BWPFs under each one of the (k)(2) criteria. *Id.* Furthermore, Commerce discussed why, based on record information, it disagreed with Vandewater's, SCI's and SIGMA's arguments regarding the alleged purported differences between steel branch outlets and other BWPFs, and why such distinctions failed to establish that the steel branch outlets are not similar to unambiguously covered BWPFs. *Id.* at 44.

Therefore, Island is in agreement with Commerce's *Remand Redetermination* and its finding that the steel branch outlets are covered by the BWPFs *Order*, and believes that Commerce has fully complied with the *Remand Order*. Island Industries is also in agreement with Defendant United States' Response to the Comments on the Remand Results submitted by Vandewater, SCI and SIGMA, which further bolsters the reasonableness of Commerce's *Remand Redetermination*.

## V.     CONCLUSION

Commerce properly conducted a detailed (k)(2) factors analysis to determine whether Vandewater's steel branch outlets fall within the scope of the BWPFs *Order*, and based its determination on the information available on the record. In light of the foregoing, because the role of the Court is to assess whether Commerce's determination is reasonable given the circumstances presented by the whole record (rather than conducting a (k)(2) analysis to determine whether the steel branch outlets are covered by the BWPFs *Order*), the Court should sustain Commerce's *Remand Redetermination* finding that the steel branch outlets are covered by the BWPFs *Order*. *Remand Order* at 2-3.

Respectfully submitted,

*/s/* Matthew J. McConkey

MATTHEW J. MCCONKEY

**MAYER BROWN LLP**
1999 K Street, NW
Washington, DC 20006
(202) 263-3235

January 21, 2022                                   *Counsel for Island Industries*

5

**Certification of Compliance With Chambers Procedure 2(B)(1)**

The undersigned hereby certifies that the foregoing brief contains approximately 1199 words, exclusive of the portions of the brief exempted from the word limitation. In preparing this certificate of compliance, the undersigned has relied on the word count function of the word processing system used to prepare the brief.

*/s/*Matthew J. McConkey

**MAYER BROWN LLP**

*Counsel for Island Industries*
